IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:02CR374 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT E. LILLARD, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's letter, docketed as a motion for miscellaneous relief (Filing No. 108). The court construes the motion as one to correct, set aside, or vacate his sentence under 28 U.S.C. § 2255.[1] In his pro se motion, the defendant challenges the career-offender enhancement under the United States Sentencing Guidelines ("Guidelines") in light of amendments to the Guidelines and *Begay v. United States*, 553 U.S. 137 (2008). He also seeks appointment of counsel.

On May 11, 2004, Lillard was sentenced to a term of imprisonment of 180 months on a conviction for being a felon in the possession of a firearm in violation of 18 U.S.C. § 922 (g)(1) & 924(e)(1). His sentence was imposed under the Armed Career Criminal Act ("ACCA"), which requires a mandatory minimum sentence of fifteen years if a defendant has previously been convicted of three violent felonies. 18 U.S.C. § 924(e). The defendant had previously been convicted of three "violent felonies"—attempted robbery, robbery, and

---

[1]On June 12, 2008, defendant filed a motion captioned "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(i)," in which he challenged the calculation of his criminal history score under Amendment 709 of the United States Sentencing Guidelines. Filing No. 99. The motion was improperly docketed as a motion to reduce sentence under Amendment 706 (the crack cocaine amendment) and was denied because "[t]he recent changes to the sentencing guidelines do not apply to the crime to which this defendant was found guilty." Filing No. 101, Order. The defendant later filed a petition for a writ of mandamus with the Eighth Circuit Court of Appeals for an order compelling this court to address the due process issue raised in connection with his eligibility under the Armed Career Criminal Act. *See* Filing No. 103, Order in response to petition for writ of mandamus. The petition for writ of mandamus was denied. Filing No. 106.

possession of a short shotgun.  *See* Filing No. 77, Presentence Investigation Report (Sealed) at 13-14.  He appealed his sentence, arguing that his predicate offenses were not violent felonies and that the two robbery convictions were part of a single criminal episode and should not have been considered separate criminal convictions under either § 924(e) or the Guidelines.  Filing No. 72, Brief in Support of Objection to PSR.  His sentence was affirmed by the Eighth Circuit Court of Appeals on August 11, 2005.  Filing No. 95.

The career offender sentencing guideline provides for an enhanced offense level for certain crimes if the defendant has two predicate felonies for crimes of violence or qualifying drug offenses.  *See* U.S.S.G. § 4B1.1.  *Sun Bear v. United States,* --- F.3d ----, 2010 WL 2813620, *2 (8th Cir. July 20, 2010) ("*Sun Bear II*").   Whether an offense is a crime of violence under the Guidelines is the same inquiry as whether an offense is a violent felony under the ACCA.  *Id.*  On April 16, 2008, the United States Supreme Court issued its decision in *Begay* finding that whether an offense is a crime of violence under the ACCA depends on the degree of risk of physical injury and whether the crime is similar in kind to the example crimes listed in the ACCA (burglary, arson, extortion, and crimes involving the use of explosives).  *Begay*, 553 U.S. at 148 (holding that a prior felony conviction for driving under the influence of alcohol is not a violent felony); *Sun Bear II*, 2010 WL 2813620 at *2.  "The focal point of the similarity analysis is whether the offense in question involves conduct that is similarly 'purposeful, violent, and aggressive' when compared to the closest analogue among the example crimes" and is conduct that "makes it more likely that an offender, later possessing a gun, will use that gun deliberately to harm a victim."  *Sun Bear II*, 2010 WL 2813620 at *2 (quoting *Begay*, 553 U.S. at 144-45).

2

The Eighth Circuit acknowledges that *Begay* has undermined the broad interpretation of career offender under the Guideline that it had applied earlier. *United States v. Williams*, 537 F.3d 969, 975 (8th Cir. 2008). "[T]he rule in *Begay* is applicable retroactively to cases on collateral review." *Sun Bear II*, 2010 WL 2813620 at *4.

Effective November 1, 2007, the Sentencing Commission clarified the language in the Guidelines and modified the operative text of § 4A1.2(a)(2) with respect to determining whether multiple prior sentences are counted separately or as a single sentence. *See* Guidelines Manual Supplement to Appendix C Amendment 709 (stating that the "[t]he amendment simplifies the rules for counting multiple prior sentences and promotes consistency in the application of the guideline"); *United States v. Charles*, 531 F.3d 637, 642 (8th Cir. 2008). "These changes, in relevant part, address whether two prior convictions are related and should be counted as one sentence." *Charles*, 531 F.3d at 642. Under the Guidelines as amended:

> [p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. The court must count any prior sentence covered by (A) or (B) as a single sentence.

*Id.* (quoting U.S.S.G. § 4A1.2(a)(2)). Amendment 709 is not listed as an amendment to which retroactive treatment may be given under U.S.S.G. § 1B1.10(c), however, the right newly recognized in *Begay* is not limited to the specific statutory context of that case, but applies equally to sentencing errors under the Guidelines. *Sun Bear II*, 2010 WL 2813620 at *3-*4 (noting that "*Begay* is more akin to a substantive rule than a procedural rule").

Under 28 U.S.C. § 2255(a), a federal prisoner has an avenue of relief if "the sentence was imposed in violation of the Constitution or laws of the United States, or [if] the court was without jurisdiction to impose such sentence, or [if] the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; Sun Bear II, 2010 WL 2813620 at *3.  However, not every legal error at trial or sentencing warrants relief under § 2255.  An error of law provides a basis for collateral attack only if "the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Sun Bear II, 2010 WL 2813620 at *4 (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)).  Although ordinary questions of Guideline interpretation fall short of the "miscarriage of justice" standard and do not present a proper section 2255 claim, "a post-conviction change in the law that renders unlawful the district court's sentencing determination" is more than a "run-of-the-mill claim that the district court misapplied the sentencing guidelines" and "such a circumstance inherently results in a complete miscarriage of justice and presents exceptional circumstances that justify collateral relief under § 2255." Sun Bear II, 2010 WL 2813620 at *4 (quoting Davis v. United States, 417 U.S. 333, 346-47 (1974) (finding that if a change in intervening law narrowed the petitioner's statute of conviction, potentially excluding petitioner's conduct, "then the conviction and punishment are for an act that the law does not make criminal") (internal quotations omitted)); see also Welch v. United States, 604 F.3d 408, 412-13 (7th Cir. 2010) (holding relief is available where a change in the law reduces the defendant's statutory maximum sentence below the imposed sentence).

The court finds that, construed liberally, the defendant's pro se filings amount to a cognizable challenge to his conviction and sentence under Begay.  Because the defendant

4

filed the motions challenging his prior convictions within one year of the Supreme Court's decision in *Begay,* the § 2255 challenge is timely.  The defendant raised challenges to the predicate offenses both at sentencing and on appeal and has preserved the issues.  The court finds that the action warrants further development and briefing and finds that counsel should be appointed for the defendant to pursue this § 2255 action.

IT IS ORDERED:

1.    Defendant's letter/motion for miscellaneous relief (Filing No. 108) is construed as a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255.

2.    The court hereby appoints the U.S. Federal Public Defender, David Stickman, to represent the defendant for purposes of the defendant's § 2255 motion.

3.    Appointed counsel for the defendant shall submit an amended motion, brief, and any evidence within 28 days from the date of this order.

4.    The government shall respond to the defendant's brief within 28 days thereafter.

DATED this 10th day of August, 2010.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.