IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,              )<br>                                                            )<br>                    Plaintiff,                       )<br>                                                            )<br>         v.                                             )<br>                                                            )<br>ROBERT E. LILLARD,                            )<br>                                                            )<br>                    Defendant.                   )<br>_____)  | 8:02CR374<br><br><br>MEMORANDUM AND ORDER |

      This matter is before the court on the defendant's amended motion to vacate under 28 U.S.C. § 2255, Filing No. 115.  The defendant challenges the court's imposition of a sentence of 180 months pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), contending that the court improperly found that his prior convictions for attempted robbery, robbery, and possession of a short shotgun qualified as "violent felonies."  He further argues, in reliance on U.S.S.G. § Amendment 709, that because his attempted robbery and robbery crimes were not separated by an intervening arrest and were consolidated for sentencing, they count as a single offense for purposes of sentencing under the ACCA.  He also argues that his request for relief falls within the statute of limitations for petitions asserting rights newly recognized by the Supreme Court and made retroactively applicable to cases on direct review, citing *Sun Bear v. United States*, 611 F.3d 925 (8th Cir. 2010), reh'g en banc granted, opinion vacated (Sept. 27, 2010).

      Because the *Sun Bear* opinion was vacated on a grant of *en banc* review, it is no longer clear that *Begay* is applicable to cases pending on collateral review.  The court need not decide the issue, however, since Eighth Circuit precedent makes it clear that Lillard is not entitled to relief.

Amendment 709 is not a covered amendment under U.S.S.G. § 1B1.10 to which retroactive treatment may be given. United States v. Peters, 524 F.3d 905, 907 (8th Cir. 2008).

The appropriate two-part test for determining whether a defendant's prior conviction qualifies as a violent felony under the ACCA's residual clause in subsection (ii) was set out in Begay v. United States, 553 U.S. 137 (2008), and Chambers v. United States, 555 U.S. 122 (2009). To qualify as a violent felony under the residual clause, the defendant's prior conviction must (1) "present [ ] a serious potential risk of physical injury to another," and (2) be "roughly similar, in kind as well as degree of risk posed," to the offenses listed in § 924(e)(2)(B)(ii). Begay, 553 U.S. at 143. *See also Sykes v. United States*, 564 U.S. —, 2011 WL 2224437 at * _ (June 9, 2011) (finding felony vehicle flight is a violent felony and clarifying that the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) imposes enhanced punishment for possession of a firearm when the relevant prior offenses involved a potential risk of physical injury similar to that presented by burglary, extortion, arson, and crimes involving explosives).

The Eighth Circuit has clarified, post-*Begay*, that attempted robbery is a crime of violence. United States v. Sawyer, 588 F.3d 548, 555 (8th Cir. 2009); James v. United States, 550 U.S. 192, 212 (2007). Further, the Eighth Circuit has found that possession of a sawed-off shotgun clearly presents a serious potential risk of physical injury to another. United States v. Vincent, 575 F.3d 820, 825 (8th Cir. 2009)("*Vincent II*"), cert. denied, 130 S. Ct. 3320 (May 24, 2010). Also, the Eighth Circuit has determined that the crime is "roughly similar, in kind as well as degree of risk posed, to the offenses listed in § 924(e)—burglary, arson, extortion, and the use of explosives." *Id.* at 825-26. Accordingly,

2

IT IS ORDERED:

1. The defendant's amended motion to vacate, set aside or correct a sentence under 29 U.S.C. § 2255 (Filing No. 115) is denied.

2. The defendant's § 2255 action is dismissed.

DATED this 13th day of June, 2011.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.