IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>     vs.<br><br>ROBERT E. LILLARD,<br><br>                           Defendant. | 8:02CR374<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the defendant's successive motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, Filing No. 141. The government does not oppose the motion.

The defendant was charged in a superseding indictment with being a felon in possession of a firearm, a crime punishable by up to ten years' imprisonment. 18 U.S.C. § 922(g)(1). On April 29, 2004, this court sentenced Lillard to 15 years imprisonment under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), which provides a mandatory minimum sentence of 15 years in the case of a person who violates § 922(g)(1) and has three previous convictions for violent felonies or serious drug offenses. *See* Filing No. 76, Minute Entry; Filing No. 79, Judgment. The court found that Lillard's prior conviction for possession of a short shotgun was a violent felony under the ACCA's residual clause, which covers offenses which "involve[ ] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B); *see* Filing No. 85, Sentencing Transcript at 51-52.

The ACCA's residual clause was recently found to be unconstitutionally vague in violation of due process of law and is no longer enforceable. *Johnson v. United States*, 135 S. Ct. 2551, 2557 (June 26, 2015). The decision in *Johnson* was given retroactive effect in cases on collateral review by the Supreme Court. *Welch v. United States*, 136 S. Ct. 1257, 1265 (April

18, 2016). Lillard sought and was granted permission to pursue a *Johnson* claim for relief in a successive habeas petition. See Filing No. 139.

The record shows that Lillard has already served more than both his advisory sentencing guideline range of 92 to 115 months and the statutory maximum of ten years for his crime, absent the ACCA enhancement. See Filing No. 77, Presentence Investigation Report (sealed). Lillard is entitled to relief under § 2255 because, in light of *Johnson*, his sentence exceeds the maximum penalty and violates due process of law. The court finds it is in the interests of justice to release the defendant. Because Lillard has already served more than the maximum sentence available for his crime, his prison sentence is vacated and he is hereby resentenced to time served. His sentence includes a period of supervised release of three (3) years subject to the same terms and conditions previously entered.

IT IS ORDERED that:

1. The defendant's motion to vacate, set aside and correct his custodial sentence (Filing No. 141) is granted.

2. The defendant's motion for release pending hearing (Filing No. 143) is denied as moot.

3. The defendant is resentenced to time served with a three year term of supervised release subject to the same terms and conditions as previously entered.

4. An Amended Judgment in conformity with this Memorandum and Order will issue this date.

Dated this 26th day of May, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge